UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MONTAGE TECHNOLOGY GROUP LIMITED SECURITIES LITIGATION<br><br>This Document Relates To:  All Actions | Master File No 3:2014-cv-0722 (SI)<br><br>CLASS ACTION<br><br>Judge: Hon. Susan Illston<br>Courtroom: 1-17th Floor<br>Complaint Filed:  Feb. 14, 2014<br>Hearing Date:  August 25, 2017 |

# [PROPOSED] ORDER PRELIMINARILY APPROVING SETTLEMENT AND PROVIDING FOR NOTICE

Class Representatives Martin Graham and Plaintiff Shaun Shen ("Class Representatives"), and Defendants Montage Technology Group Limited ("Montage" or the "Company"), Howard C. Yang, Stephen Tai, and Mark Voll (collectively, the "Defendants" and with Class Representatives, the "Parties") have agreed to settlement of all claims asserted in this Action against the Released Persons (the "Settlement");

That Settlement was entered into through a Stipulation and Agreement of Settlement, dated July 7, 2017 (the "Stipulation"), which is subject to review under Rule 23 of the Federal Rules of Civil Procedure, and which, together with the Exhibits thereto, sets forth the terms and conditions for the proposed Settlement of the claims alleged in the Complaint filed in the Action on the merits and with prejudice; and

This Court having read and considered the Stipulation, the proposed "Notice of Pendency and Proposed Settlement of Class Action" ("Notice," Exhibit A-1), the proposed "Summary Notice of Pendency and Proposed Settlement of Class Action" ("Summary Notice," Exhibit A-2), the proposed Plan of Allocation for the distribution of the Net Settlement Fund among Settlement Class Members, the proposed form of the Proof of Claim and Release ("Proof of Claim," Exhibit A-3), the proposed form of the Order and Final Judgment ("Order and Final Judgment," Exhibit

B), and submissions made relating thereto, and finding that substantial and sufficient grounds exist for entering this Order;

NOW, THEREFORE, IT IS HEREBY ORDERED, this 25th day of August, 2017, that:

1. Unless indicated otherwise, capitalized terms used herein have the same meanings defined in the Stipulation.

2. Pursuant to the Court's Order dated April 21, 2016 (Docket No. 100), the Action was certified as a class action on behalf of those who purchased or otherwise acquired the publically traded common stock of Montage between September 25, 2013 and February 6, 2014, inclusive, and did not sell such securities prior to February 6, 2014.  Excluded from the Settlement Class are Defendants, Montage's officers and directors during the Settlement Class Period, and all such excluded Persons' immediate families, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns.  Also excluded from the Settlement Class are those Persons who file valid and timely Requests for Exclusion in accordance with this Order.

3. A hearing (the "Settlement Hearing") pursuant to Federal Rule of Civil Procedure 23(e) is hereby scheduled to be held before the Court on December 15, 2017 at 2:00 p.m. for the following purposes:

   a. To finally determine whether the Settlement Class satisfies the applicable prerequisites for class action treatment under Federal Rules of Civil Procedure 23(a) and (b);

   b. To finally determine whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court;

   c. To finally determine whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint as to Defendants on the merits and with prejudice, and to determine whether the release by the Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any claims extinguished by the release;

      d.    To finally determine whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court;

      e.    To consider the application of Class Counsel for an award of Attorneys' Fees and Expenses as well as the Award to Class Representatives;

      f.    To consider any Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Class Members (or by counsel on their behalf); and

      g.    To rule upon such other matters as the Court may deem appropriate.

4.    The Court reserves the right to approve the Settlement with such modifications as may be agreed upon or consented to by the Parties and without further notice to the Settlement Class where to do so would not impair Settlement Class Members' rights in a manner inconsistent with Rule 23 and due process of law.

5.    The Court approves the form, substance and requirements of (a) the Notice (Exhibit A-1), (b) the Summary Notice (Exhibit A-2), and (c) the Proof of Claim (Exhibit A-3), all of which are Exhibits to the Stipulation.

6.    Class Counsel has the authority to enter into the Stipulation on behalf of the Settlement Class and is authorized to act on behalf of the Settlement Class Members with respect to all acts or consents required by or that may be given pursuant to the Stipulation or such other acts that are reasonably necessary to consummate the Settlement.

7.    Strategic Claims Services is appointed and approved as the Claims Administrator for the Settlement.

8.    Class Counsel, through the Claims Administrator, shall cause the Notice, substantially in the form annexed hereto as Exhibit A-1, to be mailed, by first class mail, postage prepaid, within twenty-one (21) days following entry of this order, or September 15, 2017, to all Settlement Class Members who can be identified with reasonable effort by the Claims Administrator.

9. Class Counsel is authorized to establish a Notice and Administration Escrow Account (as defined in the Stipulation) of $250,000 (Two Hundred Fifty Thousand Dollars) in accordance with the provisions of the Stipulation, to be used for reasonable out-of-pocket costs in connection with providing Notice of the Settlement to the Settlement Class and for other reasonable out-of-pocket administrative expenses. After the Effective Date, additional amounts may be transferred from the Gross Settlement Fund to the Notice and Administration Escrow Account without further order of the Court. All funds held in the Notice and Administration Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

10. Class Counsel is authorized to establish a Settlement Escrow Account (as defined in the Stipulation) of $7,250,000 (Seven Million Two Hundred Fifty Thousand Dollars and Zero Cents) in accordance with the provisions of the Stipulation. All funds held in the Settlement Escrow Account shall be deemed to be *in custodia legis* and shall remain subject to the jurisdiction of this Court until such time as the funds shall be distributed or returned pursuant to the Stipulation and/or further order of the Court.

11. The Claims Administrator is authorized and directed to prepare any Tax returns and any other Tax reporting forms for, or in respect of, the Gross Settlement Fund, to pay from the Gross Settlement Fund any Taxes and Tax Expenses owed with respect to the Gross Settlement Fund, and otherwise to perform all obligations with respect to Taxes and Tax Expenses and any reporting or filings in respect thereof without further order of this Court in a manner consistent with the provisions of the Stipulation.

12. Defendants and any and all issuers, securities firms or transfer agents holding transfer records which indicate the legal owners of Montage Securities during the Settlement Class Period are hereby ordered to produce such transfer records in a usable electronic format (at no cost to the Gross Settlement Fund, Class Counsel or the Claims Administrator) to Class

Counsel or the Claims Administrator within fourteen (14) calendar days of receipt of a copy of this Order.

13. Class Counsel, through the Claims Administrator, shall also make all reasonable efforts to give Notice to nominee owners such as brokerage firms and other persons or entities who purchased Montage Securities during the Settlement Class Period. Such nominee owners are directed to forward copies of the Notice to their beneficial owners or to provide the Claims Administrator with lists of the names and addresses of the beneficial owners and the Claims Administrator is ordered to send the Notice promptly to such beneficial owners. Additional copies of the Notice shall be made available to any record holder requesting same for the purpose of distribution to beneficial owners, and such record holders shall be reimbursed from the Gross Settlement Fund, upon receipt by the Claims Administrator of proper documentation, for the reasonable expense of sending the Notice to beneficial owners. A nominee's failure to transmit the Notice and Proof of Claim to a beneficial owner shall not impact whether that beneficial owner is considered a Settlement Class Member. Nothing in this Order creates any duties, liabilities, obligations, responsibilities, or rights as between any nominee owner and any beneficial owner that do not already otherwise exist in contract or by law.

14. The Claims Administrator shall, at or before the Settlement Hearing, serve upon Defense Counsel, and file with the Court, proof of mailing of the Notice, both to Settlement Class Members and to nominee owners.

15. Class Counsel, through the Claims Administrator, shall cause the Summary Notice (Exhibit A-2) to be published electronically once in the *GlobeNewswire* and *PRNewswire* within twenty eight days following entry of this order, or September 22, 2017. Class Counsel shall, at or before the Settlement Hearing, serve upon Defense Counsel and file with the Court proof of publication of the Summary Notice.

16. The forms and methods set forth herein of notifying the Settlement Class of the Settlement and its terms and conditions meet the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, Section 21D(a)(7) of the Exchange Act, 15 U.S.C. 78u-4(a)(7),

as amended by the Private Securities Litigation Reform Act of 1995; constitute the best notice practicable under the circumstances; and constitute due and sufficient notice to all persons and entities entitled thereto. No Settlement Class Member will be relieved from the terms of the Settlement, including the releases provided for therein, based upon the contention or proof that such Settlement Class Member failed to receive actual or adequate notice.

17. In order to be entitled to participate in recovery from the Net Settlement Fund after the Effective Date, each Settlement Class Member shall take the following action and be subject to the following conditions:

a. A properly completed and executed Proof of Claim (Exhibit A-3) must be submitted to the Claims Administrator, at the Post Office Box indicated in the Notice, postmarked no later than one hundred (100) calendar days from the date of the Order, or November 20, 2017. Such deadline may be further extended by Order of the Court. Each Proof of Claim shall be deemed to have been submitted when legibly postmarked (if properly addressed and mailed by first-class mail) provided such Proof of Claim is actually received before the filing of a motion for an Order of the Court approving distribution of the Net Settlement Fund. Any Proof of Claim submitted in any other manner shall be deemed to have been submitted when it was actually received by the Administrator at the address designated in the Notice.

b. The Proof of Claim submitted by each Settlement Class Member must satisfy the following conditions: (i) it must be properly filled out, signed and submitted in a timely manner in accordance with the provisions of the preceding subparagraph; (ii) it must be accompanied by adequate supporting documentation for the transactions reported therein, in the form of broker confirmation slips, broker account statements, an authorized statement from the broker containing the transactional information found in a broker confirmation slip, or such other documentation as is deemed adequate by the Claims Administrator or Class Counsel; (iii) if the Person executing the Proof of Claim is acting in a representative capacity, a certification of his current authority to act on behalf of the

Settlement Class Member must be provided with the Proof of Claim; and (iv) the Proof of Claim must be complete and contain no material deletions or modifications of any of the printed matter contained therein and must be signed under penalty of perjury.

  c. Once the Claims Administrator has considered a timely submitted Proof of Claim, it shall determine whether such claim is valid, deficient or rejected. For each claim determined to be either deficient or rejected, the Claims Administrator shall send a deficiency letter or rejection letter as appropriate, describing the basis on which the claim was so determined. Persons who timely submit a Proof of Claim that is deficient or otherwise rejected shall be afforded a reasonable time (at least seven (7) calendar days) to cure such deficiency if it shall appear that such deficiency may be cured.

  d. For the filing of and all determinations concerning their Proof of Claim, each Settlement Class Member shall submit to the jurisdiction of the Court.

18. All Settlement Class Members who do not submit valid and timely Proofs of Claim will be forever barred from receiving any payments from the Net Settlement Fund, but will in all other respects be subject to and bound by the provisions of the Stipulation and the Order and Final Judgment, if entered.

19. Settlement Class Members shall be bound by all determinations and judgments in the Action, whether favorable or unfavorable, unless such Persons request exclusion from the Settlement Class in a timely and proper manner, as hereinafter provided. A Settlement Class Member wishing to make such request shall mail it, in written form, by first class mail, postage prepaid, or otherwise deliver it, so that it is received no later than eighteen (18) calendar days prior to the Settlement Hearing or November 27, 2017, to the addresses listed in the Notice. Such Request for Exclusion shall clearly indicate the name and address and phone number and e-mail contact information (if any) of the Person seeking exclusion, state that the sender specifically requests to be excluded from the Settlement Class, and must be signed by such Person. Such Persons requesting exclusion are also required to specify all their purchases and sales of Montage Securities during the Settlement Class Period, including the date, number of shares and price of

1  the shares purchased or sold.  The Request for Exclusion shall not be effective unless it provides
2  the required information, is legible, and is made within the time stated above, or the exclusion is
3  otherwise accepted by the Court. Class Counsel may contact any person or entity filing a Request
4  for Exclusion, or their attorney if one is designated, to discuss the exclusion.

5  20. Settlement Class Members requesting exclusion from the Settlement Class shall
6  not be entitled to receive any payment out of the Net Settlement Fund.

7  21. The Court will consider comments and/or objections to the Settlement, the Plan of
8  Allocation, or the application for Attorneys' Fees and Expenses and any Award to Class
9  Representatives only if such comments or objections and any supporting papers are served to be
10  received at least eighteen (18) calendar days prior to the Settlement Hearing, or November 27,
11  2017, upon each of the following:

**CLASS COUNSEL:**

THE ROSEN LAW FIRM, P.A.
Laurence M. Rosen, Esq.
355 South Grand Avenue,
Suite 2450
Los Angeles, CA 90071

**DEFENSE COUNSEL:**

O'MELVENY & MYERS LLP
Seth Aronson, Esq.
400 South Hope Street
Los Angeles, CA 90071

21  and the objector has (by that same date) filed said objections, papers and briefs, showing due
22  proof of service upon counsel identified above, with the Clerk of the Court, U.S. District Court,
23  Northern District of California, 450 Golden Gate Avenue, San Francisco, California 94102.
24  Attendance at the Settlement Hearing is not necessary but Persons wishing to be heard orally in
25  opposition to the Settlement, the Plan of Allocation, and/or the application for Attorneys' Fees
26  and Expenses or Award to Class Representatives are required to indicate in their written objection
27  (or in a separate writing that is submitted in accordance with the deadline and after instruction

pertinent to the submission of a written objection) that they intend to appear at the Settlement Hearing and identify any witnesses they may call to testify or exhibits they intend to introduce into evidence at the Settlement Hearing. Settlement Class Members who do not seek to request exclusion or object do not need to appear at the Settlement Hearing or take any other action to indicate their approval.

22. Any Settlement Class Member who does not object in the manner prescribed above shall be deemed to have waived all such objections and shall forever be foreclosed from making any objection to the fairness, adequacy or reasonableness of the Settlement, the Order and Final Judgment to be entered approving the Settlement, the Plan of Allocation, or the application for an award of Attorneys' Fees and Expenses and a payment to Class Representatives.

23. The Court reserves the right to adjourn the Settlement Hearing without any further notice other than entry of an Order on the Court's docket, and to approve the Settlement without further notice to the Settlement Class.

24. All papers in support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or an Award to Class Representatives shall be filed and served thirty (30) calendar days before the Settlement Hearing, or November 15, 2017.

25. Any submissions filed in response to any objections or in further support of the Settlement, the Plan of Allocation and any application for Attorneys' Fees or Expenses or an Award to Class Representatives shall be filed no later than eleven (11) calendar days prior to the Settlement Hearing, or December 4, 2017.

26. Until and unless otherwise ordered by the Court, all proceedings in the Action against all Released Persons are hereby stayed, except for proceedings necessary to carry out or enforce the terms and conditions of the Stipulation. Pending final determination of whether the Settlement should be approved, Class Representatives, all Settlement Class Members, and each of them, and anyone acting or purporting to act for any of them, shall be enjoined from prosecuting, attempting to prosecute, or assisting others in the prosecution of, any Released Claims against all Released Persons in this Court or any other court or forum.

27. In the event the Settlement is not consummated pursuant to its terms, the Stipulation, except as otherwise provided therein, including any amendment(s) thereto, and this Order, shall be null and void, of no further force or effect, and without prejudice to any Settling Parties, and may not be introduced as evidence or referred to in any action or proceedings by any Person or entity, and each party shall be restored to his, her or its respective position as it existed before the execution of the Stipulation, pursuant to the terms of the Stipulation.

28. In the event the Settlement is not consummated pursuant to the terms of the Stipulation, the Escrow Agent shall refund the Gross Settlement Fund, less amounts already expended for Notice and Administration Expenses pursuant to the terms of the Stipulation (provided that any deductions from the refund for expenses and costs related to Notice and Administration Expenses shall be deducted from Montage's proportional share of the contributions to the Settlement Amount), to Defendants or their designees and any insurer that has made a payment into the Escrow Fund within ten (10) business days thereafter. At the request of any Defendant or Class Representatives, the Escrow Agent or the Escrow Agent's designee shall apply for any Tax refund owed to the Gross Settlement Fund and pay the percentage of the proceeds of the Tax refund, after deduction of any fees and expenses incurred in connection with such application(s) for refund, to Defendants or their designees and any insurer that has made a payment into the Escrow Fund.

29. The Stipulation (including the exhibits and Supplemental Agreement thereto), this Order, or the fact of the Settlement, is not an admission or concession by the Released Persons of any liability or wrongdoing whatsoever and shall not constitute a finding of the validity or invalidity of any factual allegation or any claims in the Action or of any liability or wrongdoing by any of the Released Persons. The Stipulation, this Order, the fact of Settlement, the Settlement proceedings, the Settlement negotiations, and any related documents, shall not be used or construed as an admission of any factual allegation, fault, liability, or wrongdoing by any Person or entity, and shall in no event be offered or received in evidence as an admission, concession, presumption, or inference against any party in any action or proceeding of any nature, or

1  otherwise referred to or used in any manner in or before any court or other tribunal, except in
2  such proceeding as may be necessary to enforce the Stipulation.

3      30.    The Court retains exclusive jurisdiction over the Action to consider all further
4  matters arising out of, or relating to, the Stipulation or Settlement, including by way of illustration
5  and not limitation, any dispute concerning any Proof of Claim filed by any Settlement Class
6  Member and any future requests by one or more of the Parties that the Order and Final Judgment
7  and/or the permanent injunction set forth in the Stipulation be enforced.

9  Dated: __August 25__, 2017

10  _____
11  HON. SUSAN ILLSTON
    UNITED STATES DISTRICT JUDGE

- 11 –
[Proposed] Order Preliminarily Approving Settlement and Providing For Notice,
Case No. 14-cv-0722-SI