# EXHIBIT 1

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MONTAGE TECHNOLOGY GROUP LIMITED SECURITIES LITIGATION | Master File No 14-cv-0722 (SI) <br><br> CLASS ACTION |
| This Document Relates To:  All Actions | |

## DECLARATION OF JOSEPHINE BRAVATA CONCERNING THE MAILING OF THE NOTICE OF PENDENCY AND PROPOSED SETTLEMENT OF CLASS ACTION AND PROOF OF CLAIM AND RELEASE

I, Josephine Bravata, declare:

1.      I submit this declaration in order to provide the Court and the parties to the above-captioned litigation with information regarding the mailing of the Notice of Pendency and Proposed Settlement of Class Action and the Proof of Claim and Release ("Claim Form") (collectively, "Notice and Claim Form") and the publication of the Summary Notice of Pendency and Proposed Partial Settlement of Class Action ("Summary Notice") pursuant to the Court's Order Preliminarily Approving Settlement and Providing for Notice Pursuant to Rule 23 of the Federal Rules of Civil Procedure dated August 25, 2017 (the "Court's August 25, 2017 Order").  Please see **Exhibit A** for the Notice and Claim Form.  I am over 21 years of age and am not a party to this action.  I have personal knowledge of the facts set forth herein.

1

2.     I am the Quality Assurance Manager of Strategic Claims Services ("SCS"), a nationally recognized class action administration firm.  I have over sixteen years of experience specializing in administration of class action cases. SCS was established in April 1999 and has administered over three-hundred fifty (350) class action cases since its inception.

3.     SCS was appointed and approved to provide administrative services as part of the settlement administration process in the above-captioned litigation. Our services include the printing and mailing of the Notice and Claim Form; supplying the Notice and Claim Form to the Class; notifying brokerage firms or other nominee accounts of the appropriate manner to provide individual notice to class members, both individually and on a published basis; tracking requests for exclusion; distributing, accepting and processing Claim Forms filed by class members; reviewing submitted Claim Forms for accuracy and completeness and to ensure that they are supported by sufficient documentary evidence; providing notices to claimants whose claims are deficient or rejected, when appropriate; calculating recognized losses of the class, on both an individual and a class-wide basis; and all other services necessary to administer this securities litigation class action ("Settlement").

4.     To provide actual notice to those persons or entities who purchased the common stock of Montage Technology Group ("Montage") from September 25, 2013 to February 6, 2014, inclusive, ("Class Period"), we mailed, by first class

2

DECLARATION OF JOSEPHINE BRAVATA [Master File No. 14-cv-0722 (SI)]

mail, postage prepaid, the Notice and Claim Form approved by the Court to all individuals and organizations identified on the records of Montage's transfer agent. These records reflect persons and entities that purchased the common stock of Montage for their own account or for the account(s) of their clients during the Class Period. A letter[1] was mailed to all brokerage companies, banks and trust companies contained on our master mailing list notifying them of the most recent settlement and asking them to within 10 days from the date of the letter either send the Notice and Claim Form to beneficial owners or provide SCS with a list of names and addresses of such beneficial owners so that SCS could promptly mail the Notice and Claim Forms directly to them.  A copy of the letter sent to these organizations is attached as **Exhibit B.**  SCS maintains a master list consisting of the 809 largest banks and brokerage companies ("Nominee Account Holders"), as well as 645 mutual funds, insurance companies, pension funds, and money managers ("Institutional Groups") that may have traded or owned Montage common stock in their clients' or their own accounts.  The mailing was completed on or before September 15, 2017 as required by the Court's August 25, 2017 Order.

---

[1] There were 38 Nominee Account Holders and Institutional Groups who responded to the previous notice mailed in July 2016.  SCS sent a letter to each of these 38 Nominee Account Holders and Institutional Groups notifying them of the settlement.  A separate letter was sent to the remaining 1,416 Nominee Account Holders and Institutional Groups who did not respond to the previous notice.  See the letter attached as Exhibit B.

3

5.    On September 14, 2017, the Notice and Claim Form and the Stipulation and Agreement of Settlement was made available to the public at SCS's website, www.strategicclaims.net.

6.    As noted in paragraph the above, SCS mailed or e-mailed 1,454 letters (attached as Exhibit B) to the Nominee Account Holders and Institutional Groups contained on SCS's master mailing list. In addition, SCS has mailed 11,517 Notice and Claim Forms to potential Class Members or nominees.  Of those, 11,517 Notice and Claim Forms, 454 were mailed directly to individuals/organizations from the transfer agent and the 11,063 were requested by, and provided to, the Nominee Account Holders and Institutional Groups and other individuals.

7.    SCS also sent the Depository Trust Company ("DTC") the Notice and Claim Form for the DTC to publish on the Legal Notice System ("LENS").  LENS provides DTC participants the ability to search and download legal notices as well as receive email alerts based on particular notices or particular CUSIPs once the legal notice is posted.

8.    Out of the 11,517 Notice and Claim Forms mailed, 426 were returned. Of these, the post office provided forwarding addresses for 63; SCS immediately mailed another Notice and Claim Form to these Class Members at the updated addresses.  The remaining 363 Notice and Claim Forms returned as undeliverable were "skip-traced" to obtain updated addresses and re-mailed if updated addresses were provided.

DECLARATION OF JOSEPHINE BRAVATA [Master File No. 14-cv-0722 (SI)]

9.      Pursuant to the Court's August 25, 2017 Order, the Summary Notice was published electronically once in the *Globe Newswire* and *PR Newswire* on September 20, 2017, as shown in the confirmations of publication attached hereto as **Exhibit C.**

10.     The notice procedures described in paragraphs four (4) through nine (9) above are consistent with the procedures SCS has used in each of the class action securities litigation cases in which I have been involved with over the past sixteen years.

11.     To date, SCS has received no requests for exclusion. The deadline for the exclusion requests is November 27, 2017.

12.     To date, SCS has not received any objections to the Settlement, any part of the Settlement, the Plan of Allocation, Lead Plaintiff's Counsel's motion for Attorneys' Fees and Expenses, or the request for an Award to Class Representatives. The deadline for objections is November 27, 2017.

I declare under penalty of perjury that the foregoing is true and correct.

Signed this 15th day of November 2017, in Media, Pennsylvania.

Josephine Bravata

DECLARATION OF JOSEPHINE BRAVATA [Master File No. 14-cv-0722 (SI)]

EXHIBIT A

# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| In re MONTAGE TECHNOLOGY GROUP LIMITED SECURITIES LITIGATION | Master File No 14-cv-0722 (SI)

CLASS ACTION |
| This Document Relates To:  All Actions | |

## NOTICE OF PENDENCY AND PROPOSED
## SETTLEMENT OF CLASS ACTION

If you purchased or otherwise acquired the common stock ("Montage Stock") of Montage Technology Group ("Montage") from September 25, 2013 to February 6, 2014,  inclusive, and did not sell such securities prior to February 6, 2014, you could get a payment from a class action settlement (the "Settlement").

*Under law, a federal court has authorized this Notice.  This is not a solicitation from a lawyer.*

- If approved by the Court, the Settlement will provide $7,250,000 (Seven Million Two Hundred Fifty Thousand Dollars and Zero Cents) in cash (the "Gross Settlement Fund"), to pay claims of investors who purchased Montage Stock from September 25, 2013 to February 6, 2014, inclusive, and did not sell such securities prior to February 6, 2014 (the "Settlement Class Period").
- The Settlement represents an average recovery of $.86 per share of Montage Stock for the 8,468,709 estimated shares alleged to have been damaged during the Settlement Class Period.  This estimate solely reflects the average recovery per allegedly damaged share of Montage Stock.  This is not an estimate of the actual recovery per share you should expect. Your actual recovery will depend on your aggregate shares of Montage Stock, your purchase price and sales price, the date(s) you purchased and sold Montage Stock, and the total number and amount of claims filed by Settlement Class Members.
- Class Counsel (identified below) intends to ask the Court to award them Attorneys' Fees in an amount not to exceed one-third (33 1/3%) of the Gross Settlement Fund (defined below) an award to Class Counsel of litigation expenses of no more than $700,000 and an Award to Class Representatives not to exceed $20,000 in total.  Collectively, the maximum amount of Attorneys' Fees and Expenses are estimated to average $.37 per allegedly damaged share of Montage Stock— for a total of no more than $3,136,666.66.  If approved by the Court, these amounts will be paid from the Gross Settlement Fund. The approximate recovery, after deduction of (i) Attorneys' Fees and Expenses approved by the Court, (ii) Taxes and Tax Expenses, (iii) Notice and Administration Expenses as authorized by the Stipulation and Agreement of Settlement dated July 10, 2017 (the "Stipulation"), (iv) any Award to Class Representatives (identified below) approved by the Court, and (v) other fees and expenses authorized by the Court, is an average of $.46 per allegedly damaged share of Montage Stock (assuming $250,000 in Notice and Administration Expenses).  This estimate is based on the assumptions set forth in the preceding paragraph.  Your actual recovery, if any, will vary depending on your aggregate shares of Montage Stock, your purchase price and sales price, the date(s) you purchased and sold Montage Stock, and the total number and amount of claims filed by Settlement Class Members.
- The Settlement resolves the Action (as defined below), which concerned (among other things) Class Representatives' claims that Montage and certain of its officers and directors made false and misleading statements, in violation of federal securities laws, based upon the allegations set forth in the Consolidated Amended Class Action Complaint for Violation of the Federal Securities Laws (the

1

"Complaint"). The Complaint alleged, among other things, that Montage failed to disclose related party transactions that allegedly should have been disclosed under applicable law. Defendants Montage, Howard C. Yang, Stephen Tai, and Mark Voll (collectively, "Defendants") deny any and all allegations of misconduct and liability and maintain that they did not violate any laws, breach any duties, or engage in any wrongful conduct whatsoever.

- Your legal rights will be affected whether you act or do not act. If you do not act, you may permanently forfeit your right to recover on this claim. Therefore, you should read this Notice carefully.

## YOUR LEGAL RIGHTS AND OPTIONS IN THIS SETTLEMENT

| | |
|---|---|
| **SUBMIT A CLAIM FORM NO LATER THAN NOVEMBER 20, 2017** | The only way to get a payment. |
| **EXCLUDE YOURSELF NO LATER THAN NOVEMBER 27, 2017** | Get no payment. |
| **OBJECT NO LATER THAN NOVEMBER 27, 2017** | Write to the Court about why you do not like the Settlement. |
| **GO TO A HEARING ON DECEMBER 15, 2017** | Speak in Court about the fairness of the Settlement. |
| **DO NOTHING** | Get no payment. Give up rights. |

## INQUIRIES

**Please do not contact the Court regarding this Notice.** All inquiries concerning this Notice, the Proof of Claim and Release form, or any other questions by Settlement Class Members should be directed to:

| | | |
|---|---|---|
| Montage Technology Group Limited Securities Litigation c/o Strategic Claims Services Claims Administrator P.O. Box 230 600 North Jackson Street – Suite 3 Media, PA 19063 Telephone: 1-866-274-4004 Facsimile: 1-610-565-7985 www.strategicclaims.net | **or** | The Rosen Law Firm, P.A. Laurence M. Rosen, Esq. 355 South Grand Avenue, Suite 2450 Los Angeles, CA 90071 Telephone: (213) 785-2610 Facsimile: (213) 226-4684 Email: info@rosenlegal.com **Class Counsel** |

## COMMON QUESTIONS AND ANSWERS CONCERNING THE SETTLEMENT

1. **Why did I get this Notice?**
   You or someone in your family may have acquired Montage Stock during the Settlement Class Period.

2. **What is this lawsuit about?**
   The case is known as *In re Montage Technology Group Limited Securities Litigation*, Case No. 14-cv-0722-SI (N.D. Cal.) (the "Action"), and the Court in charge of the case is the United States District Court for the Northern District of California. By Order dated May 23, 2014, the Court appointed Martin Graham as Lead Plaintiff and The Rosen Law Firm, P.A. as Class Counsel.

Among other things, the Action is about whether Defendants violated the federal securities laws by allegedly making false and misleading statements to the investing public as set forth in the Complaint. The Complaint alleges that during the Settlement Class Period, Defendants failed to disclose related party transactions that allegedly should have been disclosed under applicable law. Defendants deny the allegations.

**3.     Why is this a class action?**

In a class action, one or more persons and/or entities, called lead plaintiff(s) and/or class representatives, sue on behalf of all persons and/or entities who have similar claims. All of these persons and/or entities are referred to collectively as a class, and these individual persons and/or entities are known as class members. One court resolves all of the issues for all class members, except for those class members who exclude themselves from the class.

**4.     Why is there a Settlement?**

Class Representatives and Defendants do not agree regarding the merits of Class Representatives' allegations with respect to misconduct, liability or the average amount of damages per share that would be recoverable if Class Representatives were to prevail at trial on each claim. The issues on which the Class Representatives and Defendants disagree include: (1) whether Montage and its officers/directors made false and misleading statements; (2) whether Montage and its officers/directors made these statements knowingly; (3) whether the statements were the cause of the Settlement Class Members' alleged damages; and (4) the amount of damages, if any, suffered by the Settlement Class Members.

This matter has not gone to trial, and the Court has not decided in favor of any party involved in this Action. Instead, Class Representatives and Defendants have agreed to settle the Action. The Settlement was facilitated through mediation efforts conducted by Hon. Layn R. Phillips, a former federal court judge. Class Representatives and Class Counsel believe the Settlement is best for all Settlement Class Members because of the risks associated with continued litigation and the nature of the defenses raised by Defendants. Even if Class Representatives were to win at trial, and also withstand Defendants' inevitable challenges on appeal, Class Representatives might not be able to collect some, or all, of the judgment.

**5.     How do I know if I am part of the Settlement Class?**

To be a Settlement Class Member, you must have purchased or otherwise acquired Montage Stock from September 25, 2013 to February 6, 2014, inclusive, and not sold such stock prior to February 6, 2014.

**6.     Is anyone excluded from participating in the Settlement Class?**

Yes. Excluded from the Class are all Defendants, Montage's officers and directors during the Settlement Class Period, and all such excluded person's immediate family, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns. Also excluded are those persons who file valid and timely Requests for Exclusion.

**7.     What does the Settlement provide?**

**a.     What is the Gross Settlement Fund?**

The proposed Settlement will create a Gross Settlement Fund in the amount of $7,250,000 (Seven Million Two Hundred Fifty Thousand Dollars), plus all interest earned thereon. The Settlement is subject to Court approval. Also, subject to the Court's approval, a portion of the Gross Settlement Fund will be used to pay Class Counsel's Attorneys' Fees and Expenses and any Award to Class Representatives. A portion of the Gross Settlement Fund also will be used to pay (i) Taxes and Tax Expenses in respect of the Gross Settlement Fund; (ii) Notice and Administration Expenses as

authorized by the Stipulation; and (iii) other fees and expenses authorized by the Court.  After the foregoing deductions from the Settlement Fund have been made, the amount remaining (the "Net Settlement Fund") will be distributed to Settlement Class Members who submit valid claims.

**b.      What can you expect to receive under the proposed Settlement?**

Your share of the Net Settlement Fund will or may depend on, among other things:  (i) the number of claims filed; (ii) the dates you purchased and sold Montage Stock, and the number of shares of the same; (iii) the prices of your purchases and sales; (iv) the amount of Notice and Administration Expenses; and (v) the amount of Attorneys' Fees and Expenses awarded to Class Counsel by the Court and the amount of any Award to Class Representatives approved by the Court.

**PROPOSED PLAN OF ALLOCATION OF THE NET SETTLEMENT FUND**

The Plan of Allocation is a matter separate and apart from the proposed Settlement, and any decision by the Court concerning the Plan of Allocation shall not affect the validity or finality of the proposed Settlement.  The Court may approve the Plan of Allocation with or without modifications agreed to among the parties, or another plan of allocation, without further notice to Settlement Class Members.  Any orders regarding a modification of the Plan of Allocation will be posted to the Claims Administrator's website, www.strategicclaims.net.

The Claims Administrator shall determine each Authorized Claimant's *pro rata* share of the Net Settlement Fund based upon each Authorized Claimant's Recognized Loss.  **Please Note**:  The Recognized Loss formula, set forth below, is not intended to be an estimate of the amount, if any, of what a Settlement Class Member might have been able to recover after a trial, nor is it an estimate of the amount that will be paid to Authorized Claimants pursuant to the Settlement.  The Recognized Loss formula is the basis upon which the Net Settlement Fund will be proportionately allocated to the Authorized Claimants.  To the extent there are sufficient funds remaining in the Net Settlement Fund, each Authorized Claimant will receive an amount equal to the Authorized Claimant's Recognized Loss.  If, however, Net Settlement Fund is not sufficient to permit payment of the total Recognized Loss of each Authorized Claimant, then each Authorized Claimant shall be paid the percentage of the Net Settlement Fund that each Authorized Claimant's Recognized Loss bears to the total Recognized Losses of all Authorized Claimants (*i.e.*, "*pro rata* share").  Payment in this manner shall be deemed conclusive against all Authorized Claimants.  No distribution will be made on a claim where the potential distribution amount is less than ten dollars ($10.00) in cash.

If any of the Net Settlement Fund remains by reason of uncashed checks, or otherwise, after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in the distribution of the Net Settlement Fund cash their distribution checks, then any balance remaining in the Net Settlement Fund six (6) months after the initial distribution of such funds shall be used: (i) first, to pay any amounts mistakenly omitted from the initial distribution to Authorized Claimants or to pay any late, but otherwise valid and fully documented claims received after the cut-off date used to make the initial distribution, provided that such distributions to any late post-distribution claimants meet all of the other criteria for inclusion in the initial distribution, including the $10.00 minimum check amount set forth in the Notice; (ii) second, to pay any additional Notice and Administrative Expenses incurred in administering the Settlement; and (iii) finally, to make a second distribution to Authorized Claimants who cashed their checks from the initial distribution and who would receive at least $10.00 from such second distribution, after payment of the estimated costs or fees to be incurred in administering the Net Settlement Fund and in making this second distribution, if such second distribution is economically feasible.  If six (6) months after such second distribution, if undertaken, or if such second distribution is not undertaken, any funds shall remain in the Net Settlement Fund after the Claims Administrator has made reasonable and diligent efforts to have Authorized Claimants who are entitled to participate in this Settlement cash their checks, any funds remaining in the Net Settlement Fund shall be donated to a non-profit 501(c)(3) organization(s) selected by Class Counsel.

## THE BASIS FOR CALCULATING YOUR RECOGNIZED LOSS:

Each Authorized Claimant shall be allocated a *pro rata* share of the Net Settlement Fund based on his, her or its Recognized Loss as compared to the total Recognized Losses of all Authorized Claimants.

1.  **For shares of common stock purchased between September 25, 2013 and February 5, 2014, inclusive[1]:**
    A.  For shares retained at the end of trading on  May 7, 2014,[2] the Recognized Loss shall be the lesser of:
        (1)     $6.38 per share; or
        (2)     the difference between the purchase price per share and $18.98 per share.[3]
    B.  For shares sold between September 25, 2013 and February 5, 2014, inclusive, the Recognized Loss shall be zero.
    C.  For shares sold on February 6, 2014, the Recognized Loss shall be the lesser of:
        (1)     $4.28 per share; or
        (2)     the difference between the purchase price per share and the sales price per share.
    D.  For shares sold between February 7, 2014 and May 7, 2014, inclusive, the Recognized Loss shall be the lesser of:
        (1)     $6.38 per share; or
        (2)     the difference between the purchase price per share and the average closing stock price as of date of sale provided in table A below.

2.  **For shares of common stock purchased on February 6, 2014:**
    A.  For shares retained at the end of trading on May 7, 2014, the Recognized Loss shall be the lesser of:
        (1)     $6.38 per share; or
        (2)     the difference between the purchase price per share and $18.98 per share.
    B.   For shares sold on February 6, 2014, the Recognized Loss shall be the lesser of:
        (1)     $4.28 per share; or
        (2)     the difference between the purchase price per share and sales price per share.
    C.  For shares sold between February 7, 2014 and May 7, 2014, inclusive, the Recognized Loss shall be the lesser of:
        (1)     $6.38 per share; or
        (2)      the difference between the purchase price per share and the average closing stock price as of date of sale provided in Table A below.

For purposes of calculating your Recognized Loss, the date of purchase, acquisition or sale is the "contract" or "trade" date and not the "settlement" or "payment" date.  The receipt or grant by

---

[1] This includes shares purchased in the initial public offering on September 25, 2013.

[2] This is the last day of the 90 day Look-Back Period.

[3] Pursuant to Section 21(D)(e)(1) of the Private Securities Litigation Reform Act of 1995, "in any private action arising under this title in which the plaintiff seeks to establish damages by reference to the market price of a security, the award of damages to the plaintiff shall not exceed the difference between the purchase or sale price paid or received, as appropriate, by the plaintiff for the subject security and the mean trading price of that security during the 90 day period beginning on the date on which the information correcting the misstatement or omission that is the basis for the action is disseminated." $18.98 per share was the mean (average) daily closing trading price of Montage's common stock during the 90 day period beginning on the close of trading on February 7, 2014 and ending on the close of trading on May 7, 2014 ("90 day Look-Back Period").

gifts, transfers, inheritance or operation of law of Montage Stock shall not be deemed a purchase, acquisition or sale of Montage Stock for the calculation of an Authorized Claimant's Recognized Loss.

For purposes of calculating your Recognized Loss, all purchases, acquisitions and sales shall be matched on a First In First Out ("FIFO") basis in chronological order. Therefore, on the Proof of Claim and Release enclosed with this Notice, you must provide all of your purchases, acquisitions and sales of Montage common stock during the time period from September 25, 2013 through May 7, 2014, inclusive.

Payment pursuant to the Plan of Allocation approved by the Court shall be conclusive against all Authorized Claimants. No person shall have any claim against Defendants, Defense Counsel, Lead Plaintiffs, Class Counsel or the Claims Administrator or other agent designated by Class Counsel based on the distributions made substantially in accordance with the Stipulation and the Settlement contained therein, the Plan of Allocation, or further orders of the Court. Each claimant shall be deemed to have submitted to the jurisdiction of the Court with respect to the claimant's Claim Form. All persons involved in the review, verification, calculation, tabulation, or any other aspect of the processing of the claims submitted in connection with the Settlement, or otherwise involved in the administration or taxation of the Settlement Fund or the Net Settlement Fund shall be released and discharged from any and all claims arising out of such involvement, and all Settlement Class Members, whether or not they are to receive payment from the Net Settlement Fund, will be barred from making any further claim against the Net Settlement Fund beyond the amount allocated to them as provided in any distribution orders entered by the Court.

| TABLE A | | | | | | |
|---------|---------|------------------|---|-----------|---------|------------------|
| Date | Closing Price | Average Closing Price | | Date | Closing Price | Average Closing Price |
| 2/7/2014 | $15.72 | $15.72 | | 3/25/2014 | $20.49 | $17.86 |
| 2/10/2014 | $15.90 | $15.81 | | 3/26/2014 | $20.49 | $17.86 |
| 2/11/2014 | $15.99 | $15.87 | | 3/27/2014 | $20.05 | $18.00 |
| 2/12/2014 | $15.99 | $15.90 | | 3/28/2014 | $20.11 | $18.06 |
| 2/13/2014 | $15.77 | $15.87 | | 3/31/2014 | $19.73 | $18.11 |
| 2/14/2014 | $15.83 | $15.87 | | 4/1/2014 | $20.02 | $18.16 |
| 2/18/2014 | $16.12 | $15.90 | | 4/2/2014 | $20.38 | $18.22 |
| 2/19/2014 | $16.16 | $15.94 | | 4/3/2014 | $20.24 | $18.27 |
| 2/20/2014 | $15.68 | $15.91 | | 4/4/2014 | $20.02 | $18.32 |
| 2/21/2014 | $15.99 | $15.92 | | 4/7/2014 | $19.92 | $18.36 |
| 2/24/2014 | $16.08 | $15.93 | | 4/8/2014 | $19.87 | $18.39 |
| 2/25/2014 | $15.89 | $15.93 | | 4/9/2014 | $19.99 | $18.43 |
| 2/26/2014 | $15.99 | $15.93 | | 4/10/2014 | $20.05 | $18.47 |
| 2/27/2014 | $16.00 | $15.94 | | 4/11/2014 | $20.04 | $18.50 |
| 2/28/2014 | $15.73 | $15.92 | | 4/14/2014 | $20.15 | $18.54 |
| 3/3/2014 | $15.57 | $15.90 | | 4/15/2014 | $20.10 | $18.57 |
| 3/4/2014 | $15.87 | $15.90 | | 4/16/2014 | $19.98 | $18.60 |
| 3/5/2014 | $16.71 | $15.94 | | 4/17/2014 | $19.93 | $18.63 |
| 3/6/2014 | $16.65 | $15.98 | | 4/21/2014 | $19.96 | $18.65 |
| 3/7/2014 | $17.16 | $16.04 | | 4/22/2014 | $20.09 | $18.68 |
| 3/10/2014 | $20.66 | $16.26 | | 4/23/2014 | $20.28 | $18.71 |
| 3/11/2014 | $21.09 | $16.48 | | 4/24/2014 | $20.37 | $18.74 |

| 3/12/2014 | $21.00 | $16.68 | | 4/25/2014 | $20.52 | $18.78 |
| 3/13/2014 | $21.76 | $16.89 | | 4/28/2014 | $20.49 | $18.81 |
| 3/14/2014 | $21.87 | $17.09 | | 4/29/2014 | $20.54 | $18.84 |
| 3/17/2014 | $21.55 | $17.26 | | 4/30/2014 | $20.61 | $18.87 |
| 3/18/2014 | $20.65 | $17.38 | | 5/1/2014 | $20.79 | $18.90 |
| 3/19/2014 | $20.94 | $17.51 | | 5/2/2014 | $20.47 | $18.93 |
| 3/20/2014 | $20.61 | $17.62 | | 5/5/2014 | $19.77 | $18.94 |
| 3/21/2014 | $20.04 | $17.70 | | 5/6/2014 | $20.18 | $18.96 |
| 3/24/2014 | $20.16 | $17.78 | | 5/7/2014 | $20.30 | $18.98 |

The covering purchase of a short sale is not an eligible purchase.  The purchase and sales prices exclude any brokerage commissions, transfer taxes or other fees.  A Recognized Loss that calculates to yield a negative number is treated as a Recognized Loss of zero.

All Class Members whose claims are not approved by the Claims Administrator will be barred from participating in distributions from the Net Settlement Fund, but otherwise shall be bound by all of the terms of the Settlement, including the terms of the Order and Final Judgment to be entered in the Action and will be barred from bringing any Released Claims against Defendants or any Released Persons, including Unknown Claims (as those terms are defined in the Stipulation, which is available on the Internet at www.strategicclaims.net, or through the mail upon request to the Claims Administrator).  The Plan of Allocation is subject to Court approval and may be modified by the Court.

**8.   How can I get a payment?**

To qualify for a payment, you must send in a form entitled "Proof of Claim and Release."  This claim form is attached to this Notice.  You may also obtain a claim form on the Internet at www.strategicclaims.net. Read the instructions carefully, fill out the form, sign it in the location indicated, and mail the claim form together with all documentation requested in the form, postmarked no later than November 20, 2017, to:

Montage Technology Group Limited Securities Litigation
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
600 North Jackson Street – Suite 3
Media, PA 19063
Tel.:  1-866-274-4004
www.strategicclaims.net

The Claims Administrator will process your claim and determine whether you are an "Authorized Claimant."

**9.   What am I giving up to get a payment or stay in the Settlement Class?**

Unless you exclude yourself, you will remain in the Settlement Class.  That means that if the Settlement is approved, you and all Settlement Class Members will release all "Released Claims" (and therefore agree never to sue, continue to sue, or be part of any other lawsuit) against the "Released Persons."

   a.   "Released Claims" means any and all claims, rights, demands, obligations, damages, actions or causes of action, or liabilities whatsoever, of every nature and description, including both known claims and Unknown Claims, whether arising under federal, state, common or foreign law or regulation, whether class or individual in nature,  that were or could have been alleged or asserted, whether directly or indirectly, by Class Representatives or any member of the Settlement Class in the Action or in any other

action in any court or forum that arise out of or relate in any way to (i) the purchase, acquisition, or sale of Montage Stock during the Settlement Class Period and (ii) the acts, facts, statements, or omissions that were or could have been alleged or asserted by Class Representatives or any member of the Settlement Class in the Action.

b. "Released Persons" means (i) Defendants Montage, Yang, Tai, and Voll; (ii) each of Montage, Yang, Tai, and Voll's present and former parents, subsidiaries, divisions, departments, and affiliates (and the predecessors, successors, administrators and assigns of each of the foregoing); and (iii) each of the respective stockholders, officers, directors, board members, employees, agents, assigns, affiliates and any of their advisors, counsel, underwriters, insurers, representatives of the foregoing in (i) and (ii) in their capacities as such.

Remaining in the Settlement Class also means that all of the Court's orders will apply to you and legally bind you. If you sign the claim form, you are agreeing to a "Release of Claims," which will bar you from ever filing a lawsuit against any Released Person concerning a Released Claim. That means you will accept a share in the Net Settlement Fund as sole compensation for any losses you have suffered in the acquisition and sale of Montage Stock during the Settlement Class Period.

**10.    How do I get out of the Settlement?**

If you do not want to receive a payment from this Settlement, and you want to keep any right you may have to sue or continue to sue Defendants on your own based on the legal claims raised in this Action, then you must take steps to get out of the Settlement. This is called excluding yourself from – or "opting out" of – the Settlement. To exclude yourself from the Settlement, you must mail a letter stating you want to be excluded as a Settlement Class Member from *In re Montage Technology Group Limited Securities Litigation*, Case No. 14-cv-0722-SI (N.D. Cal.). Be sure to include your name, address, telephone number, email contact information (if any) and your signature, along with an accurate list of all of your purchases and sales of Montage Stock during the Settlement Class Period. You must mail your Request for Exclusion to the Claims Administrator at the address below so that it is received no later than November 27, 2017:

Montage Technology Group Limited Securities Litigation

c/o Strategic Claims Services

Claims Administrator

P.O. Box 230

600 North Jackson Street – Suite 3

Media, PA 19063

You cannot exclude yourself by telephone or by e-mail. If you ask to be excluded, you will not receive a settlement payment, and you cannot object to the Settlement. If you ask to be excluded, you will not be legally bound by anything that happens in this Action. Please be aware that the statute of repose has run on all causes of action under the federal securities laws. If you exclude yourself, you may be barred from bringing any lawsuits under the federal securities laws against any of the Released Persons related to your purchases of Montage Stock during the Settlement Class Period.

**11.    If I do not exclude myself, can I sue Defendants for the same thing later?**

No. Unless you exclude yourself, you give up any right to sue any Defendants or any of the Released Persons for the Released Claims that this Settlement resolves. If you have a pending lawsuit, speak to your lawyer in that case immediately, since you may have to exclude yourself from this Settlement Class to continue your own lawsuit.

**12.    Do I have a lawyer in this case?**

The Court appointed The Rosen Law Firm, P.A. as Class Counsel to represent you and the Settlement Class Members.  If you want to be represented by your own lawyer, you may hire one at your own expense.  Contact information for The Rosen Law Firm, P.A.  is provided above.

**13.    How will the lawyers be paid?**

Class Counsel has not been paid any attorneys' fees to date.  Class Counsel has prosecuted this Action on a contingent fee basis and has paid for all of the expenses of the litigation themselves.  Class Counsel have done so with the expectation that if they are successful in recovering money for the Settlement Class, they will receive attorneys' fees and be reimbursed for their litigation expenses from the Gross Settlement Fund, as is customary in this type of litigation.  Class Counsel will not receive attorneys' fees or be reimbursed for their litigation expenses except from the Gross Settlement Fund.   Therefore, Class Counsel will file a motion asking the Court at the Settlement Hearing to make an award of attorneys' fees in an amount not to exceed one-third (33 1/3%) of the value of the Gross Settlement Fund, and for an award of reasonable litigation expenses not to exceed $700,000 (for a total of no more than $3,116,666.66), and may also seek an Award to Class Representatives not to exceed $20,000 in total.  The Court may award less than these amounts.  Any amounts awarded by the Court will come out of the Gross Settlement Fund.

**14.    How do I tell the Court that I do not like the Settlement, the Plan of Allocation, the Request For Attorneys' Fees and Expenses, or the Award to Class Representatives?**

You can tell the Court you do not agree with the Settlement, any part of the Settlement, the Plan of Allocation, Lead Plaintiff's Counsel's motion for Attorneys' Fees and Expenses, or the request for an Award to Class Representatives, and that you think the Court should not approve the Settlement, by mailing a letter stating that you object to the Settlement in the matter of *In re Montage Technology Group Limited Securities Litigation*, Case No. 14-cv-0722-SI (N.D. Cal.).  Be sure to include your name, address, telephone number, your signature, a list of your purchases and sales of Montage Stock in order to show your membership in the Settlement Class, and all of the reasons you object to the Settlement.  Be sure to mail the objections to each of the three different places listed below.  The Court will consider your views if your objections are received before November 27, 2017.

| **The Court** | **Class Counsel** | **Defense Counsel** |
|---|---|---|
| Clerk of the Court United States District Court Northern District of California 450 Golden Gate Avenue San Francisco, CA 94102 | **The Rosen Law Firm, P.A.** Laurence M. Rosen, Esq. 355 South Grand Avenue, Suite 2450 Los Angeles, CA 90071 | **O'Melveny & Myers LLP** Seth Aronson, Esq. 400 South Hope Street, 18th Floor Los Angeles, CA 90071 |

**15.    What is the difference between objecting and requesting exclusion?**

Objecting is simply telling the Court you do not like something about the Settlement.  You can object only if you stay in the Settlement Class.  Requesting exclusion is telling the Court you do not want to be part of the Settlement Class and Settlement.  That means you do not get any of the benefits of the Settlement but could, if you wish, start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Persons about the Released Claims. Be aware that the statute of repose may bar you from bringing a lawsuit under the federal securities laws against the Released Persons. If you exclude yourself, you cannot object to the Settlement because it no longer concerns you.  If you stay in the Settlement Class and object, but your objection is overruled, you will not be allowed a second opportunity to exclude yourself.

16.    **When and where will the Court decide whether to approve the Settlement?**

The Court will hold a Settlement Hearing on December 15, 2017 at 2:00 p.m., at the United States District Court for the Northern District of California, 450 Golden Gate Avenue, Courtroom 1 – 17th Floor, San Francisco, CA 94102.

At this hearing, the Court will consider (i) whether the Settlement is fair, reasonable, and adequate, and should be approved by the Court; (ii) whether the Order and Final Judgment as provided under the Stipulation should be entered, dismissing the Complaint on the merits and with prejudice, and to determine whether the release by the Settlement Class of the Released Persons as set forth in the Stipulation, should be ordered, along with a permanent injunction barring efforts to bring any Released Claims extinguished by the Settlement; (iii) whether the proposed Plan of Allocation for the distribution of the Net Settlement Fund is fair and reasonable and should be approved by the Court; (iv) the application of Class Counsel for an award of Attorneys' Fees and Expenses, and for an Award to Class Representatives; (v) Settlement Class Members' objections to the Settlement, whether submitted previously in writing or presented orally at the Settlement Hearing by Settlement Class Members (or by counsel on their behalf); and (vi) such other matters as the Court may deem appropriate.

17.    **Do I have to come to the hearing?**

No. Class Counsel will answer any questions the Court may have. However, you are welcome to attend at your own expense. If you send an objection, you do not have to come to Court to talk about it. As long as you mail your written objection on time, the Court will consider it.

18.    **What happens if I do nothing at all?**

If you do nothing, you will not receive a payment from the Settlement. However, unless you exclude yourself, you will not be able to start a lawsuit, continue with a lawsuit, or be part of any other lawsuit against any of the Released Persons about the Released Claims ever again.

19.    **Are there more details about the Settlement?**

This Notice summarizes the proposed Settlement. More details are in the Stipulation. You can get a copy of the Stipulation by writing to the Claims Administrator or contacting them online at www.strategicclaims.net or by accessing the Court docket in this case through the Court's Public Access to Court Electronic Records (PACER) system at https://ecf.cand.uscourts.gov or by visiting the office of the Clerk of the Court for the United States District Court for the Northern District of California, 450 Golden Gate Avenue, San Francisco, CA 94102-3489 between 9:00 a.m. and 4:00 p.m., Monday through Friday, excluding Court holidays.

If you have questions about how to complete a Proof of Claim and Release, you can call the Claims Administrator at 1-866-274-4004.

**PLEASE DO NOT CALL OR WRITE TO THE COURT OR THE COURT CLERK'S OFFICE FOR INFORMATION OR ADVICE.**

DATED:  AUGUST 25, 2017.

_____

BY ORDER OF THE UNITED STATES
DISTRICT COURT FOR THE NORTHERN
DISTRICT OF CALIFORNIA

# PROOF OF CLAIM AND RELEASE

**Deadline for Submission: November 20, 2017**

IF YOU PURCHASED THE COMMON STOCK OF MONTAGE TECHNOLOGY GROUP LIMITED ("MONTAGE") BETWEEN SEPTEMBER 25, 2013 AND FEBRUARY 6, 2014, INCLUSIVE, AND DID NOT SELL SUCH SECURITIES PRIOR TO FEBRUARY 6, 2014 (THE "SETTLEMENT CLASS PERIOD"), YOU MAY BE A "SETTLEMENT CLASS MEMBER" AND YOU MAY BE ENTITLED TO SHARE IN THE SETTLEMENT PROCEEDS.

IF YOU ARE A SETTLEMENT CLASS MEMBER, YOU MUST COMPLETE AND SUBMIT THIS FORM IN ORDER TO BE ELIGIBLE FOR ANY SETTLEMENT BENEFITS.

YOU MUST COMPLETE AND SIGN THIS PROOF OF CLAIM AND RELEASE ("PROOF OF CLAIM") AND MAIL IT BY FIRST CLASS MAIL, POSTMARKED NO LATER THAN NOVEMBER 20, 2017 TO STRATEGIC CLAIMS SERVICES, THE CLAIMS ADMINISTRATOR, AT THE FOLLOWING ADDRESS:

Montage Technology Group Limited Securities Litigation
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
600 North Jackson Street – Suite 3
Media, PA 19063

YOUR FAILURE TO SUBMIT YOUR CLAIM BY NOVEMBER 20, 2017 WILL SUBJECT YOUR CLAIM TO REJECTION AND PRECLUDE YOUR RECEIVING ANY MONEY IN CONNECTION WITH THE SETTLEMENT OF THIS ACTION.  DO NOT MAIL OR DELIVER YOUR CLAIM TO THE COURT OR TO ANY OF THE PARTIES OR THEIR COUNSEL AS ANY SUCH CLAIM WILL BE DEEMED NOT TO HAVE BEEN SUBMITTED. SUBMIT YOUR CLAIM ONLY TO THE CLAIMS ADMINISTRATOR.

## CLAIMANT'S STATEMENT

1. I (we) purchased common stock in Montage ("Montage Stock") and believe I (we) was (were) damaged thereby.  (Do not submit this Proof of Claim if you did not purchase Montage Stock during the designated Settlement Class Period).

2. By submitting this Proof of Claim, I (we) state that I (we) believe in good faith that I am (we are) a Settlement Class Member(s) as defined above and in the Notice of Pendency and Proposed Settlement of Class Action (the "Notice"), or am (are) acting for such person(s); that I am (we are) not a Defendant(s) in the Action or anyone excluded from the Settlement Class; that I (we) have read and understand the Notice; that I (we) believe that I am (we are) entitled to receive a share of the Net Settlement Fund, as defined in the Notice; that I (we) elect to participate in the proposed Settlement described in the Notice; and that I (we) have not filed a request for exclusion.  (If you are acting in a representative capacity on behalf of a Settlement Class Member [e.g., as an executor, administrator, trustee, or other representative], you must submit evidence of your current authority to act on behalf of that Settlement Class Member. Such evidence would include, for example, letters testamentary, letters of administration, or a copy of the trust documents.)

3. I (we) consent to the jurisdiction of the Court with respect to all questions concerning the validity of this Proof of Claim. I (we) understand and agree that my (our) claim may be subject to investigation

11

and discovery under the Federal Rules of Civil Procedure, provided that such investigation and discovery shall be limited to my (our) status as a Settlement Class Member(s) and the validity and amount of my (our) claim.  No discovery shall be allowed on the merits of the Action or Settlement in connection with processing of the Proof of Claim.

4.  I (we) have set forth where requested below all relevant information with respect to each purchase of Montage Stock during the period from September 25, 2013 through and including May 7, 2014 and each sale, if any, of such common stock.  I (we) agree to furnish additional information to the Claims Administrator to support this claim if requested to do so.

5.  I (we) have enclosed photocopies of the stockbroker's confirmation slips, stockbroker's statements, or other documents evidencing each purchase, sale or retention of Montage Stock listed below in support of my (our) claim. (IF ANY SUCH DOCUMENTS ARE NOT IN YOUR POSSESSION, PLEASE OBTAIN A COPY OR EQUIVALENT DOCUMENTS FROM YOUR BROKER BECAUSE THESE DOCUMENTS ARE NECESSARY TO PROVE AND PROCESS YOUR CLAIM.)

6.  I (we) understand that the information contained in this Proof of Claim is subject to such verification as the Claims Administrator may request or as the Court may direct, and I (we) agree to cooperate in any such verification.  (The information requested herein is designed to provide the minimum amount of information necessary to process most simple claims.  The Claims Administrator may request additional information as required to efficiently and reliably calculate your Recognized Loss. In some cases, the Claims Administrator may condition acceptance of the claim based upon the production of additional information, including, where applicable, information concerning transactions in any derivatives securities such as options.)

7.  Upon the occurrence of the Court's approval of the Settlement, as detailed in the Notice, I (we) agree and acknowledge that my (our) signature(s) hereto shall effect and constitute a full and complete release, remise and discharge by me (us) and my (our) heirs, joint tenants, tenants in common, beneficiaries, executors, administrators, predecessors, successors, attorneys, insurers and assigns (or, if I am (we are) submitting this Proof of Claim on behalf of a corporation, a partnership, estate or one or more other persons, by it, him, her or them, and by its, his, her or their heirs, executors, administrators, predecessors, successors, and assigns) of each of the "Released Persons" of all "Released Claims," as defined in the Notice.

8.  NOTICE REGARDING ELECTRONIC FILES: Certain claimants with large numbers of transactions may request, or may be requested, to submit information regarding their transactions in electronic files.  All Claimants MUST submit a manually signed paper Proof of Claim form listing all their transactions whether or not they also submit electronic copies.  If you wish to file your claim electronically, you must contact the Claims Administrator at 1-866-274-4004 or visit their website at www.strategicclaims.net to obtain the required file layout.  No electronic files will be considered to have been properly submitted unless the Claims Administrator issues to the Claimant a written acknowledgment of receipt and acceptance of electronically submitted data.

MONTAGE TECHNOLOGY GROUP LIMITED

## I. CLAIMANT INFORMATION

| Name | | |
|---|---|---|
| | | |
| Address | | |
| | | |
| City | State | ZIP |
| Foreign Province | Foreign Country | |
| Day Phone | Evening Phone | |
| Email | | |
| Social Security Number (for individuals) | OR | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |

## II. SCHEDULE OF TRANSACTIONS IN MONTAGE COMMON STOCK

**Beginning Holdings:**

A.  State the total number of shares of Montage Stock owned on September 24, 2013 (*must be documented*).

**Purchases:**

B.  Separately list each and every open market purchase of Montage Stock during the period from September 25, 2013 through May 7, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Purchased | Price per Share | Total Cost (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
| | | | |
| | | | |
| | | | |
| | | | |

MONTAGE TECHNOLOGY GROUP LIMITED

**Sales:**

C. Separately list each and every sale of Montage Stock during the period from September 25, 2013 through May 7, 2014, inclusive, and provide the following information (*must be documented*):

| Trade Date (List Chronologically) (Month/Day/Year) | Number of Shares Sold | Price per Share | Amount Received (Excluding Commissions, Taxes, and Fees) |
|---|---|---|---|
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |
|  |  |  |  |

**Ending Holdings:**

D. State the total number of shares of Montage Stock owned at the close of trading on May 7, 2014, long or short (*must be documented).*

**If additional space is needed, attach separate, numbered sheets, giving all required information, substantially in the same format, and print your name and Social Security or Taxpayer Identification Number at the top of each sheet.**

## III. SUBSTITUTE FORM W-9

Request for Taxpayer Identification Number:

Enter taxpayer identification number below for the Beneficial Owner(s). For most individuals, this is your Social Security Number. The Internal Revenue Service ("I.R.S.") requires such taxpayer identification number. If you fail to provide this information, your claim may be rejected.

| Social Security Number (for individuals) | or | Taxpayer Identification Number (for estates, trusts, corporations, etc.) |
|---|---|---|
|  |  |  |

## IV. CERTIFICATION

I (We) certify that I am (we are) NOT subject to backup withholding under the provisions of Section 3406 (a)(1)(c) of the Internal Revenue Code because: (a) I am (We are) exempt from backup withholding, or (b) I (We) have not been notified by the I.R.S. that I am (we are) subject to backup withholding as a result of a failure to report all interest or dividends, or (c) the I.R.S. has notified me (us) that I am (we are) no longer subject to backup withholding.

NOTE: If you have been notified by the I.R.S. that you are subject to backup withholding, please strike out the language that you are not subject to backup withholding in the certification above.

MONTAGE TECHNOLOGY GROUP LIMITED

UNDER THE PENALTIES OF PERJURY UNDER THE LAWS OF THE UNITED STATES, I (WE) CERTIFY THAT ALL OF THE INFORMATION I (WE) PROVIDED ON THIS PROOF OF CLAIM AND RELEASE FORM IS TRUE, CORRECT AND COMPLETE.

Signature of Claimant (If this claim is being made on behalf of Joint Claimants, then each must sign):

_____
(Signature)

_____
(Signature)

_____
(Capacity of person(s) signing, e.g. beneficial purchaser(s), executor, administrator, trustee, etc.)

☐   Check here if proof of authority to file is enclosed. (See Item 2 under Claimant's Statement)

Date: _____

**THIS PROOF OF CLAIM MUST BE POSTMARKED NO LATER THAN NOVEMBER 20, 2017 AND MUST BE MAILED TO:**

Montage Technology Group Limited Securities Litigation
c/o Strategic Claims Services
Claims Administrator
P.O. Box 230
600 North Jackson Street – Suite 3
Media, PA 19063

A Proof of Claim received by the Claims Administrator shall be deemed to have been submitted when posted, if mailed by November 20, 2017 and if a postmark is indicated on the envelope and it is mailed first class and addressed in accordance with the above instructions. In all other cases, a Proof of Claim shall be deemed to have been submitted when actually received by the Claims Administrator.

You should be aware that it will take a significant amount of time to process fully all of the Proofs of Claim and to administer the Settlement. This work will be completed as promptly as time permits, given the need to investigate and tabulate each Proof of Claim. Please notify the Claims Administrator of any change of address.

Montage Technology Group Limited Securities Litigation
c/o Strategic Claims Services
600 N. Jackson St., Ste. 3
Media, PA 19063

**IMPORTANT LEGAL DOCUMENT – PLEASE FORWARD**

## REMINDER CHECKLIST

o   Please be sure to sign this Proof of Claim on page 15. If this Proof of Claim is submitted on behalf of joint claimants, then both claimants must sign.

o   Please remember to attach supporting documents. Do NOT send any stock certificates. Keep copies of everything you submit.

o   Do NOT use highlighter on the Proof of Claim or any supporting documents.

o   If you move after submitting this Proof of Claim, please notify the Claims Administrator of the change in your address.

EXHIBIT B

## REQUEST FOR NAMES AND ADDRESSES OF CLASS MEMBERS

STRATEGIC CLAIMS SERVICES
600 N. JACKSON STREET, SUITE 3
MEDIA, PA   19063
PHONE: (610) 565-9202          EMAIL: info@strategicclaims.net    FAX: (610) 565-7985

**September 14, 2017**

This letter is being sent to all entities whose names have been made available to us, or which we believe may know of potential class members.

**We request that you assist us in identifying any individuals who fit the following description:**

ALL PERSONS OR ENTITIES WHO PURCHASED OR OTHERWISE AQUIRED THE COMMON STOCK ("MONTAGE STOCK") OF MONTAGE TECHNOLOGY GROUP ("MONTAGE") FROM SEPTEMBER 25, 2013 TO FEBRUARY 6, 2014, INCLUSIVE, AND DID NOT SELL SUCH SECURITIES PRIOR TO FEBRUARY 6, 2014.

Excluded from the Settlement Class are all Defendants, Montage's officers and directors during the Settlement Class Period, and all such excluded persons' immediate family, legal representatives, heirs, parents, wholly-owned subsidiaries, successors, and assigns.

**The information below may assist you in finding the above requested information.**

| | |
|---|---|
| Montage Technology Group Limited Securities Litigation<br>**Master File No 14-cv-0722 (SI)**<br>Claim Filing Deadline: November 20, 2017<br>Exclusion Deadline: November 27, 2017<br>Objection Deadline: November 27, 2017<br>Fairness Hearing: December 15, 2017 | Cusip Number: G6209T105 |

## PLEASE RESPOND WITHIN 10 DAYS FROM THE DATE OF THIS NOTICE

Please comply in one of the following ways:
1. If you have no beneficial purchasers/owners, please so advise us in writing; or
2. Supply us with the names and addresses of your beneficial purchasers/owners and we will do the mailing of the Notice and Proof of Claim and Release. Please provide us this information electronically.  If you are not able to do this, labels will be accepted but it is important that a hardcopy list also be submitted of the names of your clients; or
3. Advise us of how many beneficial purchasers/owners you have and we will supply you with ample forms to do the mailing.

**You are able to bill us for any reasonable cost not to exceed $0.10 per name and address plus postage expenses, if applicable. If you believe your invoice will be more than the allowed amount, please contact our office.**

**All invoices must be received within 30 days of this letter.**

You are on record as having been notified of this legal matter. A copy of the Notice of Pendency and Proposed Settlement of Class Action and Proof of Claim and Release form is available on our website at www.strategicclaims.net.  You can also request a copy via email at info@strategicclaims.net.

Thank you for your prompt response.

Sincerely,

Claims Administrator
Montage Technology Group Limited Securities Litigation

EXHIBIT C

**Josephine Bravata**

| | |
|---|---|
| **From:** | donotreply@globenewswire.com |
| **Sent:** | Wednesday, September 20, 2017 9:00 AM |
| **To:** | jbravata@strategicclaims.net |
| **Subject:** | GlobeNewswire Cross Time Report: The Rosen Law Firm PA |

 Nasdaq

# CROSS TIME REPORT

**The Rosen Law Firm, P.A. Announces Proposed Partial Class Action Settlement on Behalf of Purchasers of Common Stock of Montage Technology Group Limited -- MONT**

Cross time: *2017-09-20 09:00:00 AM ET: Eastern Time* - *View release on GlobeNewswire.com*

1

This email message serves as a formal confirmation that your release was transmitted on GlobeNewswire's distribution network as requested, including any fax or email broadcasts.

If you have any questions, comments or concerns, please reply to this message, contact your account manager, or call our Customer Service Center at 800-307-6627, or 310-642-6930

This message was distributed by Nasdaq's GlobeNewswire.

165 Broadway, New York, NY, 10006, USA, +1.212.401.8700, www.nasdaq.com

You received this email because you have an account with GlobeNewswire.

If you have any questions, please send an email to support@globenewswire.com or Contact Us

**Josephine Bravata**

| | |
|---|---|
| **From:** | phhubs@prnewswire.com |
| **Sent:** | Wednesday, September 20, 2017 9:01 AM |
| **To:** | jbravata@strategicclaims.net; jbravata@strategicclaims.net |
| **Subject:** | PR Newswire: Press Release Distribution Confirmation for The Rosen Law Firm, P.A.. ID# 1939038-1-1 |

Hello

Your press release was successfully distributed at: 20-Sep-2017 09:00:00 AM ET

Release headline: The Rosen Law Firm, P.A. Announces Proposed Partial Class Action Settlement on Behalf of Purchasers of Common Stock of Montage Technology Group Limited -- MONT
Word Count: 874
Product Selections:
US1
Visibility Reports Email
Complimentary Press Release Optimization
PR Newswire ID: 1939038-1-1

1

View your release:* http://www.prnewswire.com/news-releases/the-rosen-law-firm-pa-announces-proposed-partial-class-action-settlement-on-behalf-of-purchasers-of-common-stock-of-montage-technology-group-limited----mont-300519717.html?tc=eml_cleartime

Thank you for choosing PR Newswire!

Regards,

Your 24/7 Content Services Team
888-776-0942
PRNCS@prnewswire.com

Discover how to measure strategic goals across channels to assist in achieving your communications objectives: http://www.prnewswire.com/knowledge-center/Matching-Measurement-to-Medium-Press-Release-Metrics-across-Channels.html

US Members, find audience, engagement and other key metrics for your release by accessing your complimentary Visibility Reports in the Online Member Center: https://portal.prnewswire.com/Login.aspx

* If the page link does not load immediately, please refresh and try again after a few minutes.